IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MACHINERY MOVERS, RIGGERS AND MACHINERY ERECTORS, LOCAL 136 DEFINED CONTRIBUTION PENSION PLAN, MACHINERY MOVERS, RIGGERS AND MACHINERY ERECTORS, LOCAL 136 HEALTH AND WELFARE PLAN, MACHINERY MOVERS, RIGGERS AND MACHINERY ERECTORS, LOCAL 136 VACATION/ FORCED SAVINGS FUND, MACHINERY MOVERS, RIGGERS AND MACHINERY ERECTORS SUPPLEMENTAL PENSION PLAN, MACHINERY MOVERS, RIGGERS AND MACHINERY ERECTORS, LOCAL 136 SUPPLEMENTAL UNEMPLOYMENT FUND, | Case No. 06 C 2539<br><br>Judge Charles R. Norgle |
| Plaintiffs, | Magistrate Judge Martin C. Ashman |
| v. | |
| FIDELITY AND DEPOSIT COMPANY OF MARY, and ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Machinery Movers, Riggers and Machinery Erectors, Local 136 Defined Contribution Pension Plan, *et al.*, have filed a motion asking this Court to compel Defendants, Fidelity and Deposit Company of Maryland, *et al.*, to produce certain documents and information requested in Plaintiffs' First Set of Requests for Production and First Set of Interrogatories. The

Court decides this motion pursuant to Judge Norgle's referral of the case for pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the reasons that follow, Plaintiffs' motion is granted.

## I. Background

This case involves an insurance coverage dispute based on Illinois state law that arose when Defendants denied coverage under five Commercial Crime Insurance Policies ("the Policies") that were held by Plaintiffs. (Pls.' Mot. at 2.) The complaint was originally filed in the Circuit Court of Cook County; Defendants successfully removed the case to this Court pursuant to 28 U.S.C. § 1441 because the complaint implicated federal questions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1112, and 28 U.S.C. § 1352. (*See* Minute Order of August 16, 2006.)

In denying coverage under the policies, Defendants assert that Plaintiffs failed to comply with two requirements of the Policies. (Pls.' Mot. at 2.) First, Defendants allege that Plaintiffs failed to timely submit notice of their claims. (*Id.*) Defendants further allege that Plaintiffs failed to timely submit a sworn proof of loss. (*Id.*) Plaintiffs deny these allegations, asserting that they complied with both conditions of the Policies. (*Id.*) In the alternative, Plaintiffs argue that they are entitled to coverage because Defendants have waived or are estopped from invoking these conditions. (*Id.*)

Critical to the underlying dispute, therefore, are the meanings of certain terms and conditions set forth in the Policies. In particular, Plaintiffs argue that "a number of the terms and provisions may be ambiguous thus entitling Plaintiffs to discover how Defendants have

interpreted and underwritten [the Policies]." (Pls.' Mot. at 3-4.) The Plaintiffs' ambiguity argument focuses on the terms "as soon as possible" and "discovery of the loss." (*Id.* at 7.) Accordingly, Plaintiffs are seeking discovery from Defendants regarding: the drafting and underwriting of the Policies; any materials received from any insurance industry association, including the Insurance Services Office ("ISO"), which relate to the language of the Policies; and any communications between Defendants and any reinsurer, including any reinsurance agreement, regarding the Policies. (*Id.* at 3.) Defendants object to these discovery requests, claiming that "none of the information and documentation sought by Plaintiffs is relevant to the claims and defenses at issue in this litigation and it is not discoverable because it cannot be reasonably calculated to lead to any evidence that will be admissible or probative at trial in this matter." (Defs.' Resp. at 1-2.)

## II. Discussion

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. Rule 26(b)(1) states that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rule "vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery ... is 'widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts.'" *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill.

2000) (quoting *Craig v. Exxon Corp.*, 97 C 8936, 1998 WL 850812, at *1 (N.D. Ill. December 2, 1998)). Therefore, a discovery request is relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). Given the broad scope of discovery, courts seldom place significant restrictions upon the discovery process, and the burden rests with the objecting party to show that a particular request is improper. *Id.*

Plaintiffs' motion to compel focuses on three distinct categories of documents and information. First, Plaintiffs seek documents and information that relate to the drafting and underwriting of the Policies, including "any documents related to the meaning, interpretation, application, custom and usage of all terms and conditions set forth in the CCI Policies," "information regarding the process by which the CCI Policies were drafted or formulated," and "the identification of any communication related to the policy language at issue." (Pls.' Mot. at 6.) Next, Plaintiffs seek documents and information that "were received from any insurance industry association, including the ISO, regarding Plaintiffs' claims under the CCI policies" and "the standard or [form] policy language set out in the CCI Policies." (*Id.*) Lastly, Plaintiffs seek documents and information "relating to any communications Defendants may have had with any reinsurer regarding Plaintiffs' claims under the CCI Policies," including any reinsurance policy or agreement. (*Id.* at 6, 12.)

A.  **Underwriting Documents, Insurance Industry Association Materials, and Communications with Reinsurers**

Defendants contest the discoverability of the requested documents and information, supporting their position with several arguments. First, Defendants argue that Plaintiffs are seeking the requested information solely to discover the subjective meaning attached to the disputed terms by Defendants and other industry members, which Defendants contend is "irrelevant and immaterial." (Defs.' Resp. at 2.) Defendants further argue that, because Plaintiffs have failed to identify the nature of any ambiguity in the terms of the Policies, they have failed "to articulate the relevancy of [the requested] documents." (Defs.' Resp. at 4.) Defendants deny that the terms of the Policies are ambiguous, and argue that their meaning must be defined by reference to the particular facts of the case. (*Id.* at 5.) Finally, Defendants argue that the exact meaning of the disputed provisions is a question of law that will be decided by the Court, and that therefore the subjective interpretation of the provisions by either Plaintiffs or Defendants is irrelevant. (*Id.*) For these reasons, Defendants maintain that any materials or information relating to the underwriting and drafting of the provisions or communications with reinsurers are irrelevant. (*Id.* at 6.)

Plaintiffs' overarching argument is that the terms of the Policies that Defendants have relied on in denying coverage are ambiguous, and that they should be allowed to discover extrinsic evidence that could be used to prove the meaning of the terms. Because the admissibility of extrinsic evidence to prove the meaning of written contracts—governed by the "parol evidence rule"—is an issue of substantive contract law, it is governed in this case by the law of Illinois. *See AM International, Inc. v. Graphic Mgmt. Assoc., Inc.*, 44 F.3d 572, 576 (7th

Cir. 1995) (stating that the parol evidence rule is a substantive rule of law). Under Illinois law, a term is ambiguous if it may be subject to more than one interpretation. *Farm Credit Bank of St. Louis v. Whitlock*, 144 Ill. 2d 440, 447, 581 N.E.2d 664, 667 (1991). Whether a contract provision is ambiguous is a question of law. *Frydman v. Horn Eye Center, Ltd.*, 286 Ill. App. 3d 853, 858, 676 N.E.2d 1355, 1359 (App. Ct. 1997). While Illinois courts do not look to extrinsic evidence in order to determine whether an integrated contract is ambiguous, extrinsic evidence can be used to prove the meaning of a contract that is ambiguous on its face. *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill. 2d 457, 462-64, 706 N.E.2d 882, 884-85 (1999). The extrinsic evidence that a court may use to interpret a contract's terms includes contemporaneous or subsequent acts of the parties as well as custom and trade usage. *Marathon Plastics, Inc. v. Int'l Ins. Co.*, 161 Ill. App. 3d 452, 464, 514 N.E.2d 479, 486 (App. Ct. 1987).

These principles of state law, in conjunction with the broad scope of discovery under Federal Rule of Civil Procedure 26(b), convince the Court that the material sought by Plaintiffs is discoverable. Plaintiffs have a theory that certain terms of the Policies are ambiguous. If the trial court agrees, they will be entitled to prove the meaning of the disputed terms with extrinsic evidence, including evidence of custom and trade usage and Defendants' contemporaneous or subsequent acts. In that case, Defendants' underwriting files and communications with industry associations could be relevant to demonstrating Defendants' understanding of what the disputed terms meant, as well as the customary usage of the terms within the insurance industry. Similarly, Defendants' communications with reinsurers regarding the policy could be probative evidence of Defendants' subsequent conduct that could be used to give meaning to the disputed terms.

Defendants are correct when they argue that Plaintiff has not "demonstrated" that the terms of the Policies are ambiguous. However, that is not the issue before the Court today. The Rules of Civil Procedure provide for discovery if there is a "possibility" that the material sought will be relevant to an issue in the case. *Rubin,* 349 F. Supp. 2d at 1111. If Plaintiffs secure the necessary threshold finding of ambiguity in the trial court, then their extrinsic evidence will be relevant. This possibility reaches the low threshold necessary to make the requested materials discoverable. Defendants' arguments regarding the merits of Plaintiffs' ambiguity arguments would be more appropriate in opposing the admissibility at trial of any extrinsic evidence Plaintiffs may discover.

### B. Reinsurance Policies

Rule 26(a)(1)(D) requires that "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment" be disclosed as part of a party's initial disclosures. Fed. R. Civ. P. 26(a)(1)(D). In accordance with this rule, courts in the Seventh Circuit have held that reinsurance agreements are discoverable. *See, e.g., Great Lakes Dredge & Dock Co. v. Commercial Union Assurance Co.,* 159 F.R.D. 502, 504 (N.D. Ill. 1995); *Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.,* No. 03-1224, 2005 WL 3690565, at *9-10 (C.D. Ill. January 31, 2005). Furthermore, Defendants did not raise an objection the discoverability of any reinsurance policies in their brief or at oral argument. Accordingly, the Court finds that any reinsurance policies related to the Policies at issue in this case are discoverable.

### III. Conclusion

For the reasons stated above, Plaintiffs' Motion to Compel is granted.

**ENTER ORDER:**

[signature]

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: October 19, 2007.

Copies have been mailed to:

| | |
|---|---|
| HOWARD K. JERUCHIMOWITZ, Esq.<br>PAUL A. DEL AGUILA, Esq.<br>Greenberg Traurig, L.L.P.<br>77 West Wacker Drive<br>25th Floor<br>Chicago, IL 60601<br><br>Attorneys for Plaintiffs | CORNELIUS F. RIORDAN, Esq.<br>JOHN R. O'DONNELL, Esq.<br>Riordan, Donnelly, Lipinski & McKee, Ltd.<br>10 North Dearborn Street<br>Fourth Floor<br>Chicago, IL 60602<br><br>Attorneys for Defendants |